## IN RE: MARK DANIEL LYTTLE LITIGATION.

Mark Daniel Lyttle v. The United States of America, et al., N.D. Georgia, C.A. No. 1:10–03302.

Mark Daniel Lyttle v. The United States of America, et al., E.D. North Carolina, C.A. No. 4:10–00142.

### MDL No. 2227.

United States Judicial Panel on Multidistrict Litigation.

April 8, 2011.

Before JOHN G. HEYBURN II, Chairman, DAVID R. HANSEN, KATHRYN H. VRATIL, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., BARBARA S. JONES and PAUL J. BARBADORO, Judges of the Panel.

### ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:** Federal defendants[1] have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Eastern District of North Carolina or, alternatively, the Middle District of Georgia. This litigation currently consists of two actions pending, respectively, in the Eastern District of North Carolina and the Northern District of Georgia.

Defendant North Carolina Department of Correction supports centralization in the Eastern District of North Carolina. Plaintiff in both actions and defendant in the Northern District of Georgia action,

---

1. The United States of America, Dean Caputo, Dashanta Faucette, Robert Kendall, David Collado, James T. Hayes, Eric H. Holder, Jr, Charles Johnston, Brian Keys, Marco Mon-dragon, Michael Moore, John T. Morton, Tracy Moten, Janet Napolitano, Raymond Simonse, and Thomas G. Snow.

Corrections Corp. of America, oppose centralization. If the Panel is inclined to centralize the actions, plaintiff alternatively suggests centralization in the Northern District of Georgia.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These two actions are brought by the same plaintiff and involve certain common background questions of fact surrounding, *inter alia*, plaintiff's detention, his alleged mistaken identification as a Mexican national, his subsequent deportation, injuries he suffered abroad and his ultimate return to this country. At oral argument, defendants stressed that some of those same background facts may form the basis of the various defendants' assertions of qualified immunity. Additional common questions of fact can be expected to arise concerning what plaintiff contends are governmental policies, patterns, practices, or customs to: (1) select inmates to detain, interrogate, and deport based on their race or ethnicity; (2) unreasonably and unlawfully deny inmates who have a mental illness or cognitive impairments certain procedural rights; and (3) fail to investigate claims of U.S. citizenship. Despite these factual commonalities, movants have failed to convince us that the common factual questions in these two actions are sufficiently complex or numerous to justify Section 1407 transfer at this time. Significantly, defendants' respective assertions of qualified immunity likely will turn on individualized facts. Moreover, we are not persuaded that there is a high risk of inconsistent rulings in these two actions, particularly when the actions share only a single defendant—The United States of America.

Moving defendants are correct that the Panel previously has centralized four *Bivens* actions involving claims of unconstitutional conditions of confinement. *See* MDL No. 1686 *In re: Iraq & Afghanistan Detainees Litig.*, 374 F.Supp.2d 1356, 1357 (J.P.M.L.2005). However, unlike the litigation now before the Panel, MDL No. 1686 arose in a more factually and legally complex context, with multiple plaintiffs asserting claims under domestic and international law, including "allegations that the defendants authorized and implemented a policy, pattern or practice of torture or other cruel, inhuman or degrading treatment in detention centers in Iraq and/or Afghanistan and also failed to respond to reports of such abuses." *Id.*

We consider voluntary coordination among the parties and the involved courts of these two actions to be a preferable alternative to centralization. Though we are denying centralization, we nevertheless encourage the parties to pursue various alternative approaches, should the need arise, to minimize the potential for duplicative discovery and inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of this litigation is denied.